**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
|     *Plaintiff-Respondent* } | |
| } | |
| v. } | CRIMINAL ACTION NO. H-02-79-1 |
| } | CIVIL ACTION NO. H-07-1586 |
| ARTURO APAEZ-MENDEZ, } | |
|     *Defendant-Petitioner* } | |

## MEMORANDUM OPINION AND ORDER GIVING NOTICE TO MOVANT OF RECHARACTERIZATION

Arturo Apaez-Mendez ("Apaez-Mendez") was sentenced by this Court on March 7, 2003, pursuant to a negotiated guilty plea. *United States v. Apaez-Mendez*, 4:02CR79-1, Doc.241. A judgment of conviction was entered on March 17, 2003. *Id.*, Doc. 246. Apaez-Mendez's appeal was dismissed. *Id.*, Doc. 262. On May 7, 2007, he filed a motion styled as a Petition for Extraordinary Writ of Habeas Corpus Pursuant to title 28 U.S.C. § 2241. 4:07CV1586 (Doc. 1).

In his motion styled as a § 2241 motion, Apaez-Mendez challenges his conviction and sentence on the grounds that this Court lacked jurisdiction over the criminal prosecution and proceedings and that he was denied the effective assistance of counsel at such proceedings by the failure of his trial counsel to investigate the facts and law and to know the court's jurisdiction. (*Id.*). Such motion challenges his conviction and resulting sentence on constitutional grounds, and thus the relief he seeks should have been brought in a motion under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence. . . . Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255").

Because Apaez-Mendez has not indicated an intent to file such a motion, the Court will not construe his motion as a § 2255 motion until it gives the warnings discussed by the Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). The *Castro* Court held that a district court should not re-characterize a *pro se* post-conviction motion as a first § 2255 motion in the absence of adequate notice and warning to the defendant as to the consequences of re-characterization.[1]  540 U.S. at 383. Pursuant to *Castro*, Apaez-Mendez is advised that the Court intends to characterize the claims raised in his motion as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. *See* 28 U.S.C. §2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). Before Apaez-Mendez will be permitted to file a second or successive § 2255 motion before the district court, Apaez-Mendez will be required to seek, and acquire, the approval of the Fifth Circuit Court of Appeals and will have to establish certain grounds in order to obtain that approval.[2]  *Id.*

---

[1]  Any such § 2255 motion filed by Apaez-Mendez likely would be time-barred because he did not file such motion within one year after his judgment became final, the typical limitations period for such motions. The Court, however, need not address that issue at this time.

[2]  The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In light of the foregoing, if Apaez-Mendez wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within thirty (30) days after entry of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion, and will enter a ruling on it.

It is SO ORDERED.

**SIGNED** at Houston, Texas, this 6th day of June, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE